Our second case this morning is Bloom v. J.P. Morgan Chase Bank et al., Ms. Wilson and Mr. Lattic? Lattic. Take your time. Your Honor, may it please the Court, my name is Leah Wilson. I represent the appellant, Mr. Bloom, in this matter. I'd like to reserve three minutes. That's fine. That's fine. The District Court made a reversible error when it granted the Rule 12b-6 motion to dismiss. Appellant has appealed this matter on three issues. First, the lower court erred when it improperly made factual findings in the memorandum opinion. Again, I'm going to start with, as I did with the case before us, the fact issue. How can U.S. Bank and Rushmore be agents of Chase when there was a complete transfer of Chase's interests and that transfer was communicated to your client? That transfer of interest was not communicated to my client for at least 30 days after it happened, and they have continued the same practices that Chase Bank... How does that make them an agent? Why isn't... And if you say, even assuming we thought, oh, yes, they continued the same practices, if the legal interest is transferred, how does that make the transferee the agent of the transfer and not merely a transferee of the legal interest? Yes, Your Honor. While agency can be actual or apparent, it is also well settled that parties expressly state their... It's not necessary that parties expressly state their intention to create an agency. In fact, it does not need to show direct proof of specific authority. But there has to be some relationship between the two that shows that one is acting on behalf of the other. In this case, I've looked at the complaint in vain for anything that would indicate that U.S. Bank and Rushmore acted on behalf of Chase. They took an interest from Chase and they began to act in their own interest, it appears. But what have you alleged that shows that U.S. Bank and Rushmore acted in any fashion on behalf of Chase? Why isn't this like just a handing off of the baton? Because the assignment of a mortgage takes it subject to the defenses and set-offs,  So the assignment of that mortgage, the liabilities that were attached to that, follow the mortgage. That could be true, but that doesn't make an agency relationship, does it? I mean, and even if it did create an agency relationship, a principal may be responsible for the actions of its agent, but you don't even allege that. You're here arguing that the agent is responsible for the actions of the principal, that the bad things Chase did, the agent is responsible for. In what circumstance does agency relationship, even if we thought it existed, cause the responsibility to flow in the direction that you're arguing for? In that matter that they have continued the actions of Chase. That would be an independent wrong and not an agency wrong, right? Potentially, Your Honor. This also goes to the argument that discovery has not been able to be conducted at this matter, at this stance. We believe that more discovery would also prove this agency theory. Under Twombly, Nick Ball, don't you have to have some plausible basis to get you past a motion to dismiss? So if you're saying, we think there might be an agency relationship, if only you gave us a chance to look for it, don't you have to have some argument that you can make to demonstrate that, yeah, there might well be an agency there? That's what I'm having a little trouble with, with your agency argument. Again, case laws stated that agency can also be found in acquiescence or failure to disavow, which was in Commonwealth v. Mackler, which we haven't had that here either. A disavowment, but there has been an acquiescence. Let's assume we didn't think there was an agency relationship. Could you still win? I believe so, Your Honor, yes. On what theory? We would still win on unfair trade practices and consumer protection law, and that my client has been deceived on numerous occasions about how these transactions perspired, came to be. And where in the complaint do you make an allegation that U.S. Bank or Rushmore did things that fit within those statutes? They continue to send my client monthly, or the periodic mortgage statements, that show that improper increase in principal balance and interest. And that improper increase is something that happened under Chase's watch, right? Yes, sir. And your assertion is that whatever that bump was, it was wrong. U.S. Bank had some obligation to undo it? That they had an obligation to at least a due diligence into what they were taking on. We also argue that they do not have legal possession of the note, the promissory note, in order to conduct a foreclosure under the property. Doesn't your complaint say just the opposite? Don't you allege in the complaint itself that they're the holder of the mortgage note, U.S. Bank? It is recorded to U.S. Bank. It is our position that they did not come into the possession of the note lawfully. The mortgage and the note itself were packaged into a trust and sold numerous times during the financial housing crisis. We do not believe that they came into possession of this note lawfully. And what have you alleged as a factual basis in the complaint that would give plausibility to that conclusory statement? One second. What we allege is they cannot show proper receipt, possession, transfer, negotiations, assignment, or ownership of this promissory note. Right. And all that... I think that fits the definition of conclusory. You're saying you can't do this, but you don't say why they can't do that. And at other points in your complaint, you acknowledge that it's recorded in the recorder of deeds office that they are the holder of the note. So what's in your complaint to show that that recording, which you acknowledge, is not valid? Other than your assertion that they can't show it. We asked for... I know it was in the complaint, but we asked for the dates, the names of the parties who had been in possession of the note, for a detailed history of that note. And that was not received by us. So they didn't tell you. No. And therefore, the fact that your client took a mortgage and gave a note with Chase, and that Chase, it's undisputed that Chase then transferred the note to U.S. Bank. Am I right about that? I mean, that's in your complaint too. Yes. Okay. I'm just looking for some factual hook alleged in the complaint that would cause one to say, hmm, there's a break in the chain here, or there's reason to doubt this chain. Is there one? We believe so, since we've asked for that chain. I'm not asking for... I'm asking what's in the complaint. We're here on a motion to dismiss, so we're looking at the allegations of the complaint. Twombly and Iqbal set the standard for the pleading. I'm asking you for what it is in the complaint that would cause us to doubt that. I would say it would be that request, that request for the chain. Okay. It shows that they can't show us the chain. Therefore, they don't have proper ownership of the note. Also, under Twombly, Iqbal... Can I interrupt and just ask? Yes. The foreclosure action? Yes. What happened with that? It is still ongoing, Your Honor. We attempted to file, or we did file counterclaim, a new matter in counterclaims to the foreclosure action, and those counterclaims were dismissed. That foreclosure action is still ongoing. Let me go back to the beginning. There was purportedly an oral understanding modification of what your client owed, and he paid X amount per month, et cetera. Yes, Your Honor. Why was that not put into writing? I'm sorry? Why was that not put into writing? I mean, normally that's what's done. It was made over the phone. We believe that there's also a recording of that conversation. I'm not sure why the banks did not put that into writing, but they accepted the payment for over three years before not accepting, for no longer accepting it. And what was the reason given for not accepting it any longer, even though a payment was made that they actually returned? There was no reason given for not accepting it. They said it was no longer the appropriate amount. It was not the appropriate amount owed. So what was the agreement to begin with? I mean, at some point you're going to – how much was the mortgage in total? The mortgage in total was $400,000, I believe. Sounds about right. And how much was owed at the time of the purported oral modification? I'm not positive at this moment, Your Honor. I mean, at some point you've got to pay it off, so you don't get whatever the amount was. Was it $1,500 per month? Yes, it was. It doesn't go ad infinitum until you get paid off. I mean, the note for the mortgage was how many years? 15? 15 years. 15? I believe. And this modification was made how many years in? He had – he filed for bankruptcy, and then a few years later this modification was made over the phone. I'm not sure here at the moment. Why don't we hear from Mr. Lannigan? We'll get you back to rebuttal then. Okay. Your Honors, we believe I'm out of time. They just turned it off. You'll be back in rebuttal. Don't worry. Okay. I think you reserved three minutes, right? Yes, I did. You're fine. Thank you. Good morning, Your Honors. Good morning. May it please the Court, my name is Stephen Laddick, and I represent Rushmore Loan Management Servicing, LLC, and U.S. Bank, N.A. As you're aware, the appellant made three main arguments on this appeal, and the first is that the lower court erred by allegedly making findings of fact in its opinion. I want to address that part first. Turning to the brief of the appellants, they tried to point to four alleged finding of facts by the district court judge. One concerned the true owner of the note and the possession of the note that he allegedly made a factual conclusion. Who does possess the note, though? It would be the plaintiff in the underlying foreclosure, Your Honor. Possess the note? Yes. Go ahead. If I may, just some background. It's interesting that the whole argument that the appellants are raising concerning possession of the note is somewhat irrelevant to this proceeding, to be frank, because the plaintiff has the note, and that relates to a standing argument in a state foreclosure action. Let's be clear. When you say the plaintiff, you mean the plaintiff in the underlying foreclosure? The bank, U.S. Bank. U.S. Bank has the note. Yes, U.S. Bank or its servicing agent, Rushmore. As is alleged in the underlying foreclosure action in state court, and as counsel mentioned, that action is pending, and it will come before the trial court in Allegheny County as to the burden of proof for the plaintiff in the underlying foreclosure. We'll have to show its possession of the note. So when they're raising it in the separate collateral action here, you actually could end up with two different results is what they're looking for. At the end of the day, if you look at the counts pleaded, the counts pleaded in this case before your honor have nothing to do with the possession of the note itself. It's truth in lending. It's RESPA. It's the Fair Credit Extension Uniformity Act. You know, the whole entire possession relates to the foreclosure. There's arguments about the wrongful exercise of power associated with the note. That's what all these claims are dealing with. And Judge Stickman said, quote, all actions here occurred before ownership, before their, meaning U.S. Bank's, ownership of the note. So the foreclosing defendants are not responsible for the actions of the chase defendants. That's a statement by the district court. Yes. But in the complaint, there are actions that occur after the ownership of the note that are argued about. There's the assertion that there was continuing phone calls that were harassing and wrong and a derogation of the notice of representation that the council had filed. There's assertions about, as counsel just said here today, a continuing assertion of an inflated sum of money owed. What are we supposed to do with that? It looks like Judge Stickman said it all happened before, but there are allegations in the complaint of things that happened after. Is that problematic? No, it's not. And you're correct. There are various allegations. And the last allegation in the entire complaint with regard to Rushmore U.S. Bank is in 2019, over a year before this action was initiated. So first, if you look at any of the claims related to phone calls, they don't specify what act or what count those are supposed to be in violation of, but assuming a call would be a debt collection call and there's a count for violation of the Fair Debt Collection Practices Act, it's clear that the statute of limitations on an FDCPA action is one year. And just by the very facts pleaded, the last call and the last allegation in here is about 18 months or 16 months before this case was even filed. The other thing is when you look at each individual count, they made those factual assertions, but when you get into the individual accounts of the complaint, the specifics in those counts don't pertain to Rushmore or U.S. Bank, which is why Judge Stickman made the reference he did in his opinion. For instance, count one is a violation of the Truth in Lending Act. And Truth in Lending Act relates to an origination of the loan and disclosures, which Rushmore and U.S. Bank would have had nothing to do with to begin with. But the allegations in that complaint say they relate to the August 26, 2014, allegedly increasing the principal balance. And they talk about the damage that allegedly occurred to Mr. Bloom was when he was denied by Ford Credit in 2015, which all does predate. Is there no claim relating to the continuing assertion of what they allege to be an inflated amount? I didn't hear you, Your Honor. They say that you continue to assert that the amount that was allegedly wrongfully stated by Chase, what it said is the so-called inflated amount. I understand. The inflated amount is the allegation. They say the inflated amount is something that U.S. Bank and Rushmore continue to assert, and that that's a continuing wrong, and it's a wrong that U.S. Bank is responsible for. Does that not affect the truth in lending or debt collection or anything else? No, it doesn't, Your Honor, and the reason being that the inflated balance ties into an alleged oral modification of a mortgage. In Pennsylvania, a mortgage is a transfer of a real interest in property. Technically, in Pennsylvania, a mortgage is actually a deed under Pennsylvania law. And as such, it's absolutely subject to the statute of frauds. And if you're going to modify a mortgage in order to be enforceable against that current lender or any assinee down the road, that modification must be in writing to be charged against the party against whom enforcement is sought here. Might the allegation here be not so much the mortgage was amended as the note on which the mortgage secures it? I didn't hear, Your Honor. Was the note modified? So we're talking about payments here, right? Well, that's true, that the alleged relation would be to the amount to be paid. But at the end of the day, what they are complaining about is the pending foreclosure and enforcement of the mortgage lien presently pending in Allegheny County. Then the question becomes, supposedly there was a recorded telephone conversation in which the amount of $1,500 would be accepted for I'm not sure how long. But that went on for, what, three years? It is alleged for about three years, correct. And if you checked into that, is that correct? Pardon me? Do you agree that that's correct? Yes, those are the allegations, yes. So then what happened? Why the change in stance as to? That would have occurred under Chase's watch on this loan, which was prior to Rushmore and U.S. Bank coming into the picture. But you bought the loan, right? They are the current owner and holder of the loan, correct. So that's U.S. Bank you mean? Yes, U.S. Bank is the holder and Rushmore is the servicer. And as counsel alluded to, like the setoffs and defenses and things that she cites to the Pennsylvania Supreme Court, it's an interesting opinion. And if you look at it, setoffs and defenses, what it's talking about is that doesn't mean causes of action against the lender flow down the line. It's saying setoffs or defenses. If that new lender were to foreclose like it is right now, they have the right as a defense as to the amount owed. To say the amount is owed is incorrect in the foreclosure amount, in the foreclosure case because of X, Y, Z. It doesn't create causes of action under that. They made a breach of contract claim. And as a defense, you did not initially raise statute of limitations. Is that correct? That's correct. And when did you ultimately raise that? It's part of this appeal, Your Honor. So that seems like you kind of waived it, didn't you? Well, Your Honor, it's the breach of the contract and the factual allegations tie into the Chase defendants. And the underlying judge found it to be in violation of the statute of limitations. That's the law of this case right now. The final ruling as with regard to Chase, which is the law of this case, is based upon those facts, the statute of limitations expires. Perhaps you didn't make the defense. Pardon me? How can the court say that there's a violation or the statute of limitations bars the complaint when, in effect, you perhaps waived it by not making the defense? I don't believe it's waived by virtue of the finding of the factual allegations with regard to Chase. That's what the breach of contract is premised upon. Can you waive the statute of limitations? Can you waive the statute of limitations? Yes, it can be waived. And by not responding and not making the defense, isn't it waived? I mean, you can't do it on appeal. I understand, Your Honor. Can I ask you about count three, the Fair Credit Extension Uniformity Act? Yes. You have said and pitched your statute of limitations argument with respect to debt collection, et cetera, based on the Fair Debt Collection Act claim, but that's separate from this Pennsylvania statute, the Fair Credit Extension Uniformity Act, right? Correct. Does that likewise have a one-year statute of limitations? There's actually no private right of action in the FCEA in Pennsylvania, so you wouldn't plead it as an independent account. It would be pleaded as part of an unfair trade practices account. Right. And they do have an unfair trade practices and consumer protection law claim. Correct. So that's not a one-year statute, right? The Unfair Trade Practices Act? Right. So you're right. Under count three, there is no private right of action, but if you were to bring that under an unfair trade practices act, the Gabrielle versus O'Hara Pennsylvania Supreme Court case, it's a six-year statute of limitations for a private right of action. Okay. So if their argument and assertion is you were harassing us with phone calls, you were doing things you shouldn't have with respect to that, you were sending periodic mortgage statements with an incorrect amount on it. Yeah. Why doesn't that claim survive? Because of the plausibility and the level of pleading. There's no factual allegations that would sustain it. The unfair trade practices and consumer protection law in Pennsylvania articulates 23 different methods of unfair competition which violate the act. Not one of them is cited in this complaint. And amongst those 23 are things like chain letters, pyramid schemes, door-to-door sale. When you say not one of them is cited, they assert that you violated the FCEUA, and the Pennsylvania law at least is interpreted by one of the district courts in our circuit, says what you just said. You don't have a claim directly under that, but the remedial provisions of the Unfair Trade Practices Act would give you a basis for relief. That's the walk-up case, right? That's correct. Okay. So that's the pitch they've made. Why is it wrong? They say you violated that statute. It doesn't provide for a private cause of action. But this other statute, Unfair Trade Practices, captures that bad behavior and gives me a cause of action. I'm bringing it against you. It's got a six-year statute of limitations. Why doesn't that survive? Because the complaint as pleaded just does not lay out the facts to meet the violation. It simply, when you talk about the ICHBAR standard, I mean the plausibility in what is within that complaint and what is alleged as damage even, again, to go back to the complaints, even under count three for the FCUA, they cite at paragraph 142, their basis for that complaint or that count in the complaint is false statements sent to the borrower from April 11, 2011, to July 8, 2016. That is the factual allegation for that count, and that predates Rushmore. Any further questions? No further questions. Thank you, Your Honor. Was there any request made by your client to amend the complaint at all? Your Honor, there was not a request made before the closure of the docket. The docket was ordered closed after the motion to dismiss was granted, and there was no place to file a request to amend the complaint. Was there any kind of request that the closing of the case be reopened in order that you could file such an amendment? No request was made, Your Honor, no. And Mr. Bloom, is he still living in this house? Yes, he is, Your Honor. So, can I ask you to follow up to something I asked Mr. Laddick? Sure. You've made this claim count three, and it looks to me like he's quite right. There's no private right of action under this, so your only right of action would be under the Unfair Trade Practices and Consumer Protection Law of Pennsylvania. Am I correct about that? Yes, Your Honor, you are correct. So, under that statute, you have to show an ascertainable loss that's a result of the defendant's prohibited action. What's the prohibited action that you're pointing to, and what is the ascertainable loss that you've pled that's linked to that prohibited action? Well, there are numerous prohibited actions, like opposing counsel stated. One of those would be the numerous phone calls. Another would be… You can't give me numerous. It's got to be specific. So, it's the phone calls? Yes, sir, the phone calls. And we also have their actions led to confusion, and my client felt misled by all actions. My question is to you in two parts. What are the prohibited actions, and what's the ascertainable loss associated with those prohibited actions? Okay? One of the prohibited actions is the phone calls. Are there any other prohibited actions you point to, or that you say are prohibited actions? Accepting his $1,500 a month payment for close to three years, and then… Prohibited action? Well, and then not accepting it. Pulling that rug out from underneath my client caused confusion, and he's been misled, and the damages itself would be the foreclosure upon his home. What is the ascertainable loss that's tied directly, and where is that pled in the complaint? In the complaint. The ascertainable loss would be the foreclosure action coming against him. We weren't allowed to bring counterclaims in this action, and we were directed to file a separate suit. Okay. Got you. Thank you. Thank you to both counsel for being with us today. Appreciate it. We recess the court. Thank you.